IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HENRY CLIFTON WADE, AIS # 220160, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | CASE NO. 2:26-CV-405-WKW [WO] |
| KENNETH DRAKE, | ) ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Henry Clifton Wade, a state inmate proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. # 1.)  Because Petitioner's purported § 2241 petition challenges his conviction and sentence imposed by the Circuit Court of Butler County, Alabama, an Order was issued on May 28, 2026, informing Petitioner that the appropriate vehicle for him to challenge the state-court judgment under which he is incarcerated is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. # 8 ("May 28 Order").)  The May 28 Order instructed Petitioner to inform the court whether he wanted to proceed under § 2254 on the claims in his original petition, amend his petition to assert any additional claims under § 2254, or withdraw his petition.  (Doc. # 8 at 2.)  Petitioner filed a response to the May 28 Order, and that response is construed as containing a motion to amend his petition, a motion for an extension of time to

amend his petition, and a motion to appoint counsel. (Doc. # 10.) Each motion will be addressed in turn.

## A.    Motion to Amend His Petition

In his response to the May 28 Order, Petitioner states that he wishes to proceed under 28 U.S.C. § 2254 and that he wants to amend his petition "to support the 28 U.S.C. § 2254 legal standard in Schlup v. Delo, 513 U.S. 298, 319–22 (1995)." (Doc. # 10.) This motion will be granted, and Petitioner will be given the opportunity to amend his petition.

## B.    Motion for an Extension of Time to Amend His Petition

Petitioner also asks for "an additional (7) seven days to get information necessary" to amend his petition. (Doc. # 10.) Because Petitioner had until June 18, 2026, to respond to the May 28 Order (*see* Doc. # 8 at 2), he will be given an additional seven days from June 18—until June 25, 2026—to amend his petition.

## C.    Motion to Appoint Counsel

Finally, Petitioner "ask[s] for . . . counsel, if necessary." (Doc. # 10.) Generally, a federal habeas petitioner does not have a right to appointed counsel during habeas proceedings. *See Wright v. West*, 505 U.S. 277, 293 (1992). The *Rules Governing Section 2254 Cases in the United States District Courts* contemplate the appointment of counsel in certain circumstances. First, the court must appoint counsel if such appointment is "necessary for effective discovery."

Rule 6(a), *Rules Governing Section 2254 Cases in the United States District Courts* [hereinafter *Rules Governing § 2254 Cases*].  Second, the court must appoint counsel "[i]f an evidentiary hearing is warranted."  Rule 8(c), *Rules Governing § 2254 Cases*. At any other stage of a habeas proceeding, the court is authorized, but not required, to appoint counsel for an indigent prisoner if it determines "that the interests of justice so require."   18 U.S.C. § 3006A(a)(2)(B); *see also* Rule 8(c), *Rules Governing § 2254 Cases* ("These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding."); 28 U.S.C. § 1915(e)(1) (allowing, but not requiring, the court to appoint an attorney for "any person unable to afford counsel").

At this stage in these proceedings, the appointment of counsel is not required. *See* Rules 6(a) and 8(c), *Rules Governing § 2254 Cases*.  Therefore, counsel may be appointed for Petitioner only if doing so is deemed necessary in "the interests of justice." § 3006A(a)(2)(B).  The court has broad discretion in deciding whether to appoint counsel in a post-conviction proceeding such as this, and counsel should not be appointed unless Petitioner can demonstrate the existence of exceptional circumstances. *See United States v. Alford*, 816 F. App'x 375, 376 (11th Cir. 2020) (per curiam).

Petitioner has not offered any reason as to why counsel should be appointed; he simply asks for counsel "if necessary."  (Doc. # 10.)  At this juncture, it does not appear that counsel is necessary.  Although appointment of counsel might be helpful

3

to Petitioner, "that is true for many *pro se* litigants and does not constitute an exceptional circumstance." *Seibert v. Comm'r, Ga. Dep't of Corr.*, 680 F. App'x 837, 841 (11th Cir. 2017) (per curiam) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). Accordingly, Petitioner's motion to appoint counsel will be denied at this time. This issue may be revisited at a later date if warranted by the circumstances of this case.

**D.    Conclusion**

Based on the foregoing, it is ORDERED that:

(1)    Petitioner's motion to amend his petition (Doc. # 10) is GRANTED;

(2)    Petitioner's motion for an extension of time to amend his petition (Doc. # 10) is GRANTED;

(3)    The deadline for Petitioner to file his amended 28 U.S.C. § 2254 petition, using the form previously provided by the Clerk of Court (*see* Doc. # 8-1), is extended to and including **June 25, 2026**; and

(4)    Petitioner's motion to appoint counsel (Doc. # 10) is DENIED.

DONE this 15th day of June, 2026.

 /s/ W. Keith Watkins     
UNITED STATES DISTRICT JUDGE

4