IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HENRY CLIFTON WADE,<br>AIS # 220160,<br><br>Petitioner,<br><br>v.<br><br>KENNETH DRAKE,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:26-CV-405-WKW<br>[WO] |

**ORDER**

In June 2026, Petitioner Henry Clifton Wade ("Wade"), a convicted and sentenced inmate in the custody of the Alabama Department of Corrections (ADOC), commenced this proceeding *pro se* by filing a 28 U.S.C. § 2254 petition for a writ of habeas corpus. (Doc. # 1.) In his petition, Wade challenges the constitutionality of his November 28, 2001 murder conviction, entered after a jury trial in the Circuit Court of Butler County, Alabama, and the resulting life sentence. (Doc. # 1); *see State v. Wade*, Case No. CC-2001-000063.00 (Butler Cnty. Cir. Ct.).

Respondent Kenneth Drake, the warden of the ADOC's Red Eagle Work Center in Montgomery, Alabama, moves to dismiss the petition as an unauthorized second or successive petition under 28 U.S.C. § 2244(b)(3) because Wade has not obtained the required authorization from the United States Court of Appeals for the

Eleventh Circuit. (Docs. # 23–24.) By Order dated July 23, 2026, Wade was instructed to file a reply. (Doc. # 25 ("July 23 Order").) The July 23 Order set a deadline of August 13, 2026, for Wade to file a reply and expressly cautioned him that his failure to comply would result in dismissal. (Doc. # 25 at 1, 3.) Rather than filing a reply as directed, Wade filed a motion titled, "Motion for Requested -- Court Ordered Transcripts." (Doc. # 26.)

For the reasons to follow, this § 2254 petition challenging the 2001 state-court judgment is second or successive and was filed without the authorization required by § 2244(b)(3); therefore, this court lacks subject matter jurisdiction to consider it.

Before filing a second or successive § 2254 petition in a federal district court, a state prisoner must obtain authorization from the appropriate court of appeals. *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020) (citing 28 U.S.C. § 2244(b)(3)(A)).[1] Absent such authorization, the district court "lacks subject matter jurisdiction to consider the second or successive petition." *Jennings*

[1] Under § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned three-judge panel] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]." § 2244(b)(3)(B)–(C).

*v. Sec'y, Fla. Dep't of Corr.*, 108 F.4th 1299, 1302 (11th Cir. 2024) (cleaned up), *cert. denied sub nom. Jennings v. Dixon*, 145 S. Ct. 1472 (2025).

A § 2254 petition is "second or successive" when the petitioner previously filed a § 2254 petition challenging the same state-court judgment and that earlier petition "was denied or dismissed with prejudice." *Philistin v. Warden*, 808 F. App'x 914, 916 (11th Cir. 2020) (per curiam) (citing *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999)); *see generally Rivers v. Guerrero*, 605 U.S. 443, 446–47 (2025) ("We hold that, in general, once the district court has entered its judgment with respect to the first habeas petition, a second-in-time application qualifies as 'second or successive' and is thus properly subject to the requirements of § 2244(b)."). Stated differently, "second or successive status . . . attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014). And "dismissal of a habeas claim as procedurally defaulted is a judgment on the merits." *Young v. Sec'y, Fla. Dep't of Corr.*, 697 F. App'x 660, 661 (11th Cir. 2017) (per curiam) (affirming dismissal of an unauthorized second or successive habeas petition where the first habeas petition was denied because the claims were procedurally defaulted); *see also Burrell v. Hooks-Robbins*, 2026 WL 893406, at *2 (M.D. Ala. Apr. 1, 2026) (finding that a "dismissal for procedural default constitutes a merits adjudication triggering the 'second or successive' bar of 28 U.S.C. § 2244(b)(3)(A)"). Finally, the "second or successive" inquiry focuses on the

petition as a whole, not the particular claims asserted, because "the phrase 'second or successive' applies to habeas *petitions*, not to the *claims* they raise." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1279 (11th Cir. 2014) (per curiam).

Here, based on the foregoing authority, Wade's current § 2254 petition is "second or successive." The court's electronic records reflect that Wade previously filed a § 2254 petition challenging the same 2001 state-court judgment at issue in this petition. *See Wade v. Thomas*, No. 2:05-CV-141-MHT-SRW (M.D. Ala. docketed Feb. 14, 2005), Doc. # 1. On April 23, 2007, the district court adopted the magistrate judge's recommendation, denied the petition, and dismissed it with prejudice because Wade's claims were procedurally defaulted. *See id.*, Docs. # 34–36. Because that with-prejudice dismissal constitutes a judgment on the merits, the current petition is subject to 28 U.S.C. § 2244(b)'s requirements and must be treated as second or successive.

Wade must secure permission from the United States Court of Appeals for the Eleventh Circuit before he can file a second or successive petition in this court. However, he has not shown that he obtained such authorization, *see* § 2244(b)(3), and, therefore, this court lacks subject matter jurisdiction to consider the petition. *See Jennings v. Sec'y, Fla. Dep't of Corr.*, 108 F.4th 1299, 1302 (11th Cir. 2024), *cert. denied sub nom. Jennings v. Dixon*, 145 S. Ct. 1472 (2025).

Accordingly, it is ORDERED that Respondent's motion to dismiss (Doc. # 24) is GRANTED and that Wade's § 2254 petition (Doc. # 1) is DISMISSED without prejudice for lack of subject matter jurisdiction.

A certificate of appealability is not required for Wade to appeal the dismissal of this § 2254 petition for lack of subject matter jurisdiction. *See Jennings*, 108 F.4th at 1302.

It is further ORDERED that Wade's "Motion for Requested -- Court Ordered Transcripts" (Doc. # 26) is DENIED as moot.

A separate final judgment will be entered.

DONE this 18th day of August, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE